## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **AMANDA JOHNSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:20-00241-CG-N** |
| | ) | |
| **JEFF BROCK** *and* | ) | |
| **DAVID F. STEELE, SR.,** | ) | |
| **Defendants.** | ) | |

### REPORT AND RECOMMENDATION

This action is before the Court on its own motion (*sua sponte*) on review of the complaint (Doc. 1) and amendments to same (including both proposed amendments and those filed pursuant to court order) (Docs. 17, 18, 19) filed by Plaintiff Amanda Johnson, who is proceeding without counsel (*pro se*). Upon due consideration, the undersigned finds that this action is due to be **DISMISSED without prejudice** *sua sponte* for lack of subject matter jurisdiction.

Johnson alleges claims for violations of federal and state law against Jeff Brock, a judge in Evergreen, Alabama, and David F. Steele, Sr., an attorney, arising out of judicial proceedings spanning from 1985 to 1998 which resulted in Johnson being deprived of property that she had expected to inherit. Johnson alleges that Brock and Steele, acting in conspiracy, manipulated the judicial proceedings, using *ex parte* communications and other means, to defraud Johnson of her "inherited birthright property." (Doc. 1, PageID.4). She demands return of that property and "one hundred million dollars[] due to the loss of usage of her dominion over her property." (Doc. 19, PageID.101).

"A document filed *pro se* is to be liberally construed…" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). *See also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) ("We hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers. Accordingly, we construe [a *pro se* party]'s pleadings liberally." (citation omitted)). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168–69 (quotation omitted). "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts … have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The *Rooker–Feldman* doctrine provides that under "limited circumstances [,]" the Supreme Court's "appellate jurisdiction over state-court judgments ... precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate ...." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005) (internal citation omitted). In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), the Supreme Court held that the district court lacked jurisdiction to determine whether a state court had rendered a decision that was contrary to the federal Constitution, holding that the proper course was to appeal the state court's decision to the U.S. Supreme Court. *See Rooker*, 263 U.S. at 415–16, 44 S. Ct. 149. Similarly, in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), the Supreme Court held that the federal district court and court of appeals lacked jurisdiction to review the appellant's claims that the District of Columbia Court of Appeals had misapplied its own rules regarding bar admissions. *See Feldman*, 460 U.S. at 486, 103 S. Ct. 1303.

In short, the doctrine holds that federal courts below the Supreme Court must not become a court of appeals for state court decisions. The state court appellant has to find a state court remedy, or obtain relief from the U.S. Supreme Court. The *Rooker–Feldman* doctrine is confined to cases that, like *Rooker* and *Feldman*, were "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and *inviting district court review and rejection of those judgments*." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (emphasis added).

*Vasquez v. YII Shipping Co.*, 692 F.3d 1192, 1195–96 (11th Cir. 2012).

Here, Johnson is undoubtedly a "state-court loser complaining of injuries caused by state-court judgments," as her claims are premised on allegedly improper Alabama state judicial proceedings that resulted in adverse rulings depriving her of certain property she had expected to inherit. Given that the judicial proceedings

resulting in those adverse rulings appear to have ended, at the latest, some time in 1998, any appeals have undoubtedly either expired or run their course well before this case was filed on April 24, 2020. Thus, the state court judgment was rendered before these federal district court proceedings commenced. *See Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009) (holding ""that state proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment"). Finally, by claiming that she was deprived of her property through unlawful means during the state judicial proceedings, and by demanding that this Court order the property be returned to her and that she be compensated for deprivation of its use, Johnson in effect invites this Court to review and reject the state court's judgment depriving her of the property. Therefore, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to hear her claims.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** *sua sponte* under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

**DONE** this the 24th day of July 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.